UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADRIAN DAVIS,

    Plaintiff,

vs.                      Case No. 2:10-cv-375-FtM-29SPC

KEVIN RAMBOSK, Sheriff, SANDRA
LAMBERT, Director of Department of
Motor Vehicle, and EDWARD JONES,

    Defendants.
_____

## ORDER OF DISMISSAL

This matter is before the Court upon initial review of the file. Adrian Davis, who lists his address as the Collier County Jail, initiated this action by filing a *pro se* Civil Rights Complaint Form pursuant to 42 U.S.C. § 1983 (Doc. #2, Complaint) on June 15, 2010. Plaintiff accompanied the filing of the Complaint with a request to proceed *in forma pauperis*. See Doc. #2.

Because Plaintiff is currently confined in prison and seeks to proceed *in forma pauperis* in this action, the Prison Litigation Reform Act requires that the Court to review the Complaint determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915(A)(a), (b)(1), (b)(2). Similarly, 28 U.S.C. § 1915(e)(2) directs that the Court "shall dismiss the case at any time if the court determines that "the action . . . is frivolous or

malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii). In essence, § 1915 is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Further, the court views all allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Frivolous claims are those that describe "fantastic or delusional scenarios." Bilal, 251 F.3d at 1349. In considering whether dismissal is appropriate under § 1915(e)(2)(ii), the court applies the standard governing dismissal under Federal Rule of Civil Procedure 12(b)(6). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(ii) is identical to the screening language of § 1915A. Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell

Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007)(abrogating Conley v. Gibson, 355 U.S. 41 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

The initial inquiry for a § 1983 action focuses on the presence of two essential elements:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). Further, a plaintiff must allege and be able to establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). Moreover a plaintiff in a § 1983 action cannot rely upon the theory of *respondeat superior* to establish liability against someone who occupies a supervisory position. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

The Court finds that Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915. The Complaint contains only the following allegations in support of his claim:

> On 12-06-2006 Sergeant Edward Jones under occupative [sic] duties for Collier Counties and Sheriffs Department did unlawfully issue four citations in omissive [sic] misconduct while on duty and rolled them all together only exposing the signature line after I (Adrian Davis) refused to sign, he then issues me a fifth citation for failure to sign. And on of [sic] after this day these same citations were then forwarded toward my drivers license record and history while under the supervision of Mrs. Sandra Lambert Director of the Drivers Licenses and Motor Vehicle Department. These citations were written for 1. failure to show proof of registration, 2. failure to show proof of insurance, 3. failure to carry valid drivers license, 4. failure to sign.
>
> The issuing of these citations were an original spark of suspension upon my (Adrian Davis) driving license and privileges.

Id. 8-9. As relief, Plaintiff seeks "arraignments to properly establish re[in]statement" of his driving license; "waiver of fines and costs" in connection with the citations; and "tuition" for "time accumulated while incarcerated." Id. at 10.

The Court can not conceive which, if any, of Plaintiff's constitutional rights were infringed upon based upon the allegations raised in the Complaint. First, "[a] driver's license is a privilege, not a right, and the state may strictly regulate that privilege." State v. Hoch, 500 So. 2d 597, 601 (Fla. 3d DCA 1986). Thus, there are no due process rights at issue since driving is not a protected personal liberty. Id. at 601. Second, to the extent that Plaintiff seeks damages for alleged

constitutional violations committed by his arrest as a result of the subject citations, he is precluded from such a lawsuit unless his sentence or conviction has been reversed or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477, 486 (1994). Plaintiff does not make this claim in his Complaint.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice** pursuant to § 1915.

2. The Clerk of Court is directed to: (1) terminate any pending motions; (2) enter judgment accordingly; (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __21st__ day of June, 2010.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record